## FLEMING v. STATE ex Arnold.

Ohio Appeals, 5th Dist., Knox Co.

No. 270. Decided Oct. 26, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**TRIAL.**

(590 Jh) Setting aside of judgment, within sound discretion of chancellor. Action will not be disturbed by reviewing court, except upon clear abuse of said discretion.

F. O. Levering and L. C. Stillwell, Mt. Vernon, for Fleming.

B. E. Sapp, Mt. Vernon, for State ex.

HISTORY:—Bastardy proceedings against Fleming, who plead guilty in Common Pleas. At subsequent term, Fleming filed petition to vacate. Petition dismissed. Fleming prosecutes error. Judgment affirmed. No action in Supreme Court prior to publication date.

### STATEMENT OF FACTS.

This cause is heard on a petition in error from a judgment rendered in the Common Pleas Court. The proceeding is one in bastardy, which originated in the court of L. A. Stream, Justice of the Peace in Clinton township where a preliminary hearing was had, and on a plea of guilty plaintiff in error was bound over to the Court of Common Pleas, where, on the 29th day of July, 1927, a judgment was entered in said action upon a plea of guilty made by the defendant, the plaintiff in error here. At a subsequent term of the Court of Common Pleas, to-wit, on the 20th day of October, 1927, the defendant, plaintiff in error here, filed a petition in the Court of Common Pleas to vacate and set aside the judgment heretofore made, and entered on the journal of said court. The grounds set forth in said petition for vacation of the judgment were two in number: First, that the defendant in said proceeding had never entered any plea of guilty in the Common Pleas Court, and, second, that if a new trial be granted that since the entering of said judgment petitioner had discovered new evidence which would make a complete defense to the charge of bastardy which had been preferred against him.

Upon the trial to vacate the judgment the petition of plaintiff in error was dismissed, and error is now prosecuted to this court to reverse the judgment of the Common Pleas Court.

HOUCK, J.

We have read the petition filed in the lower court and the evidence offered on the trial. There is no charge or claim of fraud set forth therein, and no evidence was offered as to it. The real foundation upon which the judgment below is sought to be set aside is mistake and inadvertence on the part of Fleming, in that he did not intend to enter a plea of guilty to the charge of bastardy, in the Common Pleas Court, and did not intend to waive a jury trial, and that he was ignorant of his legal rights in the premises. And further, that if the judgment is set aside he has a complete defense in fact and law.

Giving the most favorable construction to the evidence offered in the trial to the plaintiff in error, there is an absolute failure of proof to establish these claims made by Fleming, or either of them. In this case the question presents itself, did or did not the trial judge commit prejudicial error, under the established facts, and the law controlling them, when he refused to set aside the judgment?

It is elemental, and needs not to be dwelt upon at length, that the setting aside of a judgment is largely within the sound discretion of the chancellor. His action will not be disturbed by a reviewing court except for a clear abuse of said discretion, basing it upon all the facts in the case.

Under the allegations of fact, as stated in the petition and the evidence contained in the bill of exceptions now before us, we must and do find no prejudicial error in the record, and the judgment of the Common Pleas Court should be affirmed.

(Shields, J., Lemert, J., concur.)